UNITED STATES of America

v.

George DISTEFANO, Defendant.

No. 90 CR 298.

United States District Court,
E.D. New York.

July 18, 1990.

Jerome C. Roth, Asst. U.S. Atty., Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for U.S.

Robert Ellis, New York City, for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant moves to dismiss the one-count indictment against him, arguing that the judicially created "exculpatory no" exception protects him from prosecution un-

der 18 U.S.C. § 1001. For the reasons discussed below, that motion is denied.

## FACTS

Defendant is charged with knowingly and willfully making a false, fictitious and fraudulent statement in a matter within the jurisdiction of an agency of the United States. 18 U.S.C. § 1001. The statements were allegedly made on December 6, 1989. Defendant claims the protection of what has come to be known as the "exculpatory no" exception, namely, that his general denials to the unsolicited questions of federal investigators do not constitute culpable statements under the statute.

## DISCUSSION

The Second Circuit has noted quite clearly that, "[w]hile this Court has never quite embraced the 'exculpatory no' exception, we have consistently stated that *if we did adopt it we would construe it narrowly*, ruling that any statement beyond a simple 'no' does not fall within the exception." *United States v. Capo*, 791 F.2d 1054, 1069 (2d Cir.1986), *vac. in part on other grounds*, 817 F.2d 947 (2nd Cir.1987) (citing *United States v. Grotke*, 702 F.2d 49, 53 (2d Cir.1983)) (emphasis added); *see United States v. Bareno–Burgos*, 739 F.Supp. 772, 774, 788 (E.D.N.Y.1990) ("[T]he Second Circuit has been among the least hospitable to the 'exculpatory no' exception.").[1] This circuit has, in fact, remained steadfast in its position, unequivocally reiterating only recently that "[w]e have never adopted the ['exculpatory no'] doctrine, but have indicated that were we to adopt it, it would be construed narrowly." *United States v. Cervone*, 907 F.2d 332, 342 (2nd Cir.1990) (citing *Capo, supra*). In any event, it is clear that "affirmative, voluntary" statements which are "readily distinguishable" from simple exculpatory denials fall outside this judicially created exception.

---

1. A narrow reading by the Second Circuit of the "exculpatory no" exception, if ever adopted outright, comports with Supreme Court precedent characterizing the prohibitions of section 1001 against false statements as "sweeping" and cautioning courts not to question the clear intent of Congress. *United States v. Rodgers*, 466 U.S. 475, 479, 104 S.Ct. 1942, 1946, 80 L.Ed.2d 492 (1984); *see Bareno–Burgos, supra*, at 787 (*Rodgers* calls viability of "exculpatory no" exception into question).

*United States v. Adler,* 380 F.2d 917, 922 (2d Cir.), *cert. denied,* 389 U.S. 1006, 88 S.Ct. 561, 19 L.Ed.2d 602 (1967).

The indictment charges that defendant falsely stated that he never met or saw Gus Farace and was unaware that his business partner, Joseph Sclafani, was involved with harboring Farace.[2] The government stands ready to prove that defendant stated to federal FBI agents that he recognized a photo of Farace only from the newspapers and that he never saw Farace. He also stated, according to the government, that he was unaware of Sclafani's harboring activities and never assisted Sclafani. Gov't Mem. in Opp. at 2. Such affirmative statements go well beyond the "exculpatory no" exception narrowly defined in *Capo, supra. See Bryson v. United States,* 396 U.S. 64, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969) (upholding conviction under section 1001 based upon defendant's false and fraudulent denial of affiliation with the Communist Party). Because the responses are alleged to consist of more than a simple "no," the "exculpatory no" exception does not help defendant.

### CONCLUSION

The "exculpatory no" exception, to the extent it would even be recognized in this circuit, does not afford any protection to this defendant. Accordingly, the motion to dismiss the indictment based upon that exception is denied.

SO ORDERED.

---

**2.** Other considerations apparently prompted the calculated caution against wholesale adoption of the "exculpatory no" exception expressed in *Cervone.* The *Cervone* court, rejecting defendant's "exculpatory no" defense, noted that defendant's denials were "made in the context of a wide-ranging and discursive interview with agents who had identified themselves. He was not taken by surprise or otherwise cornered into a defensive, ill-considered misstatement." *Cervone,* at 343 (citing *United States v. McCue,* 301 F.2d 452, 455 (2nd Cir.), *cert. denied,* 370 U.S. 939, 82 S.Ct. 1586, 8 L.Ed.2d 808 (1962)). The court also deliberately pointed out that there "would have been nothing directly incul-patory in a truthful answer" and "even courts that have adopted the 'exculpatory no' defense do not apply it to a non-exculpatory response." *Id.* at 343.

Similarly, in the case at hand, defendant was well aware of the investigation surrounding Gus Farace. He was questioned previously on the matter and clearly understood the circumstances when questioned again on December 6, 1989. Def. Affirmation at 2. It is equally clear from the record that defendant would not have incriminated himself in truthfully answering that he had seen Farace and that he knew his business partner had possibly engaged in harboring activity.